# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ROBINHOOD MARKETS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>INTELLECTUAL VENTURES I LLC, INTELLECTUAL VENTURES II LLC, OL SECURITY LLC, and ZARBANA DIGITAL FUND LLC,<br><br>    Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Robinhood Markets, Inc. ("Robinhood" or "Plaintiff"), based on personal knowledge as to all acts or events that it has have undertaken or witnessed, and upon information and belief as to all others, files this Complaint for Declaratory Judgment against Defendants Intellectual Ventures I LLC, Intellectual Ventures II LLC, OL Security LLC, and Zarbana Digital Fund LLC (collectively, "Intellectual Ventures" or "IV" or "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action by Plaintiff for declaratory judgment, seeking a determination that Robinhood does not infringe any enforceable claim of U.S. Patent Nos. RE48,894, 9,686,183, 8,332,844, 7,930,287, 7,669,081 and 8,352,584 (the "Declaratory Judgment Patents").

## PARTIES & BACKGROUND

2. Plaintiff Robinhood Markets, Inc. is a Delaware corporation with its principal place of business located at 85 Willow Road, Menlo Park, California 94025.

3.      On information and belief, Defendant Intellectual Ventures I LLC is a Delaware limited liability company, with its principal place of business at 14360 SE Eastgate Way, Bellevue, Washington 98007.

4.      On information and belief, Defendant Intellectual Ventures II LLC is a Delaware limited liability company, with its principal place of business at 14360 SE Eastgate Way, Bellevue, Washington 98007.

5.      On information and belief, Defendant OL Security LLC is a Delaware limited liability company, with its principal place of business located at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

6.      On information and belief, Defendant Zarbana Digital Fund LLC is a Delaware limited liability company, with its principal place of business located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7.      IV has represented that Defendant OL Security LLC and Zarbana Digital Fund LLC are wholly-owned subsidiaries of Intellectual Ventures, including named defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC.

8.      On information and belief, IV purports to be the owner or assignee of each of the Declaratory Judgment Patents.

9.      On information and belief, IV is a patent licensing and monetization organization.

10.     On information and belief, IV does not practice the Declaratory Judgment Patents.

11.     IV claims that Robinhood infringes the following U.S. patents based on the alleged use of third-party open source software, specifically identified to date as Apache Kafka, Apache Airflow, Apache Spark, Elasticsearch, Docker, and Kubernetes (hereby referred to as "Open Source Software").

2

12.     U.S. Patent No. RE48,894 (the "'894 Patent") is entitled "Disaggregated Resources and Access Methods," and bears a re-issuance date of January 11, 2022.  A true and correct copy of the '894 Patent is attached hereto as Exhibit A.

13.     U.S. Patent No. 9,686,183 (the "'183 Patent") is entitled "Digital Object Routing Based on a Service Request," and bears an issuance date of June 20, 2017.  A true and correct copy of the '183 Patent is attached hereto as Exhibit B.

14.     U.S. Patent No. 7,669,081 (the "'081 Patent") is entitled "Systems and Methods for Scheduling, Processing, and Monitoring Tasks," and bears an issuance date of February 23, 2010.  A true and correct copy of the '081 Patent is attached hereto as Exhibit C.

15.     U.S. Patent No. 8,332,844 (the "'844 Patent") is entitled "Root Image Caching and Indexing for Block-Level Distributed Application Management," and bears an issuance date of December 11, 2012.  A true and correct copy of the '844 Patent is attached hereto as Exhibit D.

16.     U.S. Patent No. 7,930,287 (the "'287 Patent") is entitled "Systems and Methods for Compound Searching," and bears an issuance date of April 19, 2011.  A true and correct copy of the '287 Patent is attached hereto as Exhibit E.

17.     U.S. Patent No. 8,352,584 (the "'584 Patent") is entitled "System for Hosting Customized Computing Clusters," and bears an issuance date of January 8, 2013.  A true and correct copy of the '584 Patent is attached hereto as Exhibit F.

18.     Starting in late 2023 and advancing over the past few months, IV contacted Robinhood, offering to license various patents.  Throughout the past few months, IV has communicated with Robinhood's legal counsel to discuss this offer.

19.     During these communications, IV affirmatively identified the Declaratory Judgment Patents, alleged infringement by Open Source Software allegedly used by Robinhood,

and referenced IV's extensive litigation history, including its history of asserting the Declaratory Judgment Patents against other parties that allegedly use the Open Source Software. As further detailed, *infra*, these communications expressly alleged that Robinhood infringes the Declaratory Judgment Patents and that Robinhood should take a pre-litigation license to avoid a patent lawsuit, identifying June 1, 2026 (and then June 30, 2026) as a date by which its monetary demand would increase.

20. As part of these communications, IV affirmatively provided numerous documents, including presentations and claims charts specifically accusing Robinhood of patent infringement of specific claims of the Declaratory Judgment Patents.

21. IV has accused Robinhood of infringement of the Declaratory Judgment Patents based on alleged use of Open Source Software, including the Apache software project that originated in the 1990s, many years before the Declaratory Judgment patents were filed.

22. To accuse Robinhood of infringement based on alleged use of Open Source Software, IV has cited public job postings by Robinhood and other public statements where IV has alleged that Robinhood has indicated that it uses the Open Source Software.

23. These circumstances create a threat of actual and imminent injury to Robinhood that can be redressed by judicial relief. The injury to Robinhood includes uncertainty as to whether the development, use, and sale of Robinhood's products and services that use the Open Source Software will be free from infringement claims based on each of the Declaratory Judgment Patents. Consequently, the injury is sufficiently immediate and irreparable to warrant the issuance of a declaratory judgment.

**JURISDICTION**

24.     This is an action for declaratory relief under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, codified at 28 U.S.C. §§ 2201 and 2202.

25.     This case arises under the patent laws of the United States.  An actual case or controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201 because IV, on behalf of each Defendant, has accused Robinhood of infringing the Declaratory Judgment Patents.  As discussed below, Robinhood does not infringe and has not infringed the Declaratory Judgment Patents, and has the right to use the Open Source Software.

26.     This Court has subject matter jurisdiction over Robinhood's claims for declaratory judgment under 28 U.S.C. §§ 1331, 1338(a), and 2201-02.

27.     This Court has personal jurisdiction over each Defendant  under the laws of this State and consistent with the underlying due process principles of the United States Constitution. Each Defendant is subject to general personal jurisdiction in Delaware because it was formed under the laws of the State of Delaware.

28.     IV has also purposefully availed itself of this forum by litigating  prior actions involving the Declaratory Judgment Patents in Delaware, including at least *Assurant, Inc. v. Intellectual Ventures I LLC et al*., No. 1:24-cv-00344 (D. Del. March 15, 2024).

29.     Venue is proper in this District under at least 28 U.S.C. §§ 1391(b), (c), because each Defendant is a resident of this District.

**FACTUAL BACKGROUND**

30.     Robinhood's mission is to democratize finance for all.  It does so by removing barriers to access to financial markets.

31.     Since its founding in 2013, Robinhood has grown into a global leader in financial services, offering retail brokerage, crypto, advisory, digital banking and private markets access to a new generation of investors.

32.     By offering low fees, an intuitive mobile experience and powerful tools, Robinhood empowers everyday investors to navigate financial markets safely and efficiently.

33.     Open source software is often freely licensed to the public to encourage collaboration and interoperability of software.

34.     Robinhood uses open source software to help build and operate aspects of Robinhood's digital infrastructure so that it can be compatible with other software used around the world.

35.     Starting in 2023, IV has filed at least a dozen cases on at least one of the Declaratory Judgment Patents (among various IV patents asserted): *Intellectual Ventures I LLC v. Liberty Mutual Holding Co*., No. 2:23-cv-00525 (E.D. Tex. Nov. 15, 2023), *Intellectual Ventures I LLC v. Comerica Inc*., No. 2:23-cv-00524 (E.D. Tex. Nov. 15, 2023), *Intellectual Ventures I LLC v. JP Morgan Chase Bank, N.A*., No. 2:23-cv-00523 (E.D. Tex. Nov. 15, 2023), *Intellectual Ventures I LLC v. Southwest Airlines Co*., No. 3:24-cv-002885 (W.D. Tex. Nov. 2, 2024), Intellectual Ventures I LLC v. American Airlines, Inc.*, No. 4:24-cv-00980 (E.D. Tex. Nov. 2, 2024), Intellectual Ventures I LLC v. Nationwide Mutual Insurance Co*., No. 3:25-cv-00632 (N.D. Tex. Mar. 15, 2025), *Intellectual Ventures I LLC v. Bank of New York Mellon Corp.*, No. 3:25-cv-00631 (N.D. Tex. Mar. 15, 2025), *Intellectual Ventures I LLC v. Home Depot, Inc.*, No. 1:25-cv-01147 (W.D. Tex. Jul. 23, 2025), *Intellectual Ventures I LLC v. Deere & Co.*, No. 1:26-cv-00425 (W.D. Tex. Feb. 23, 2026), *Intellectual Ventures I LLC v. Government Employees Insurance Co.*, No. 3:26-cv-00978 (N.D. Tex. Mar. 26, 2026), *Intellectual Ventures II LLC v. United Parcel Service,*

*Inc.*, No. 1:23-cv-01150 (E.D. Tex. May 14, 2026); *Intellectual Ventures I LLC v. UnitedHealth Group, Inc.*, No. 2:26-cv-00395 (E.D. Tex. May 14, 2026).

36.    Another six (6) declaratory judgment cases against IV on at least one of the Declaratory Judgment Patents are currently pending before Judge Gregory B. Williams in this Court: *Assurant, Inc. v. Intellectual Ventures I LLC et al.*, No. 1:24-cv-00344 (D. Del. March 15, 2024); *Hartford Fire Ins. Co. v. Intellectual Ventures I LLC et al.*, No. 1:26-cv-00392 (D. Del. April 7, 2026); *Travelers Indem. Co. v. Intellectual Ventures I LLC et al.*, No. 1:26-cv-00397 (D. Del. April 8, 2026); *Munich Re America Services, Inc. et al v. Intellectual Ventures I LLC et al.*, No. 1:26-cv-00417 (D. Del. April 10, 2026); *ALDI Inc. v. Intellectual Ventures I LLC et al.*, No. 1:26-cv-00461 (D. Del. April 21, 2026); and *Health Care Service Corp. v. Intellectual Ventures I LLC et al.*, No. 1:26-cv-00466 (D. Del. April 23, 2026).

37.    IV previously sought out Robinhood and attempted to engage in patent licensing discussions with Robinhood. For example, on December 14, 2023 and November 17, 2025, IV sought to initiate discussions with Robinhood, claiming that its patents cover technologies used in products, platforms, features and/or services that Robinhood makes, uses, sells, offers for sale, imports and/or encourages its customers and partners to make, use, sell, offer to sell and/or import.

38.    The November 17, 2025 written correspondence included claim charts identifying the Declaratory Judgment Patents and the Open Source Software that IV claims is infringed by Robinhood.

39.    IV and Robinhood engaged in videoconferences on December 17, 2025, January 28, 2026, and February 10, 2026.

40.    IV and Robinhood engaged in substantive videoconferences about the infringement allegations on February 26, 2026 and March 10, 2026.

41. On the substantive videoconferences in February and March of 2026 where IV alleged infringement, IV presented its claim charts mapping purported public documentations of Open Source Software to the elements of the following claims: Claim 8 of the '894 Patent, Claim 1 of the '183 Patent, Claim 1 of the '081 Patent, Claim 7 of the '844 Patent, Claim 28 of the '287 Patent, and Claim 1 of the '584 Patent. IV spent hours across the two videoconferences discussing how it believed the Open Source Software is covered by the Declaratory Judgment Patents.

42. After the substantive videoconferences alleging infringement, IV affirmatively sent a number of documents to Robinhood demonstrating its intent to enforce its patents, including an estimate of the potential damages against Robinhood through patent litigation, the monetary amounts in licensing fees taken by others as to which IV enforced its patents, and a draft licensing agreement.

43. For example, on March 10, 2026, IV sent a presentation entitled "IIF Licensing Opportunity: Robinhood, IV Litigation", which contained multiple slides focused exclusively on IV's litigation activities. On March 11, 2026, IV sent a draft license agreement which acknowledges that IV and Robinhood would agree to enter into this agreement, in part, to avoid the costs of litigation. In a March 30, 2026 email accompanying the estimate of potential damages, IV stated that it was applying a "substantial pre-litigation discount."

44. During the substantive calls in 2026 and in follow-up emails, IV explained that there was a June 1, 2026 deadline for its current demand and a price increase after that deadline.

45. After IV sent these additional documents, the parties had further calls on May 6, 2026 and May 14, 2026, where IV agreed to extend the June 1, 2026 deadline if Robinhood was engaged in productive licensing negotiations to avoid litigation by that time. On the May 14, 2026

call, IV notified Robinhood that it had recently filed another case against a large public healthcare company.

46.     IV followed up on May 27, 2026 and June 10, 2026 by extending the deadline to June 30, 2026 before a price increase of its demand.

47.     IV's patent demands to Robinhood, as well as its current litigation campaigns involving the Declaratory Judgment Patents, and other patents, make it highly likely that IV will sue Robinhood for patent infringement.  Because Robinhood contends that it has the right to engage in its business activities without a license from IV, there is a substantial, justiciable controversy between Robinhood and IV sufficient to warrant a declaratory judgment of the parties' respective rights and duties.

48.     The facts alleged herein show that a substantial controversy exists between the parties, the parties have adverse legal interests regarding the validity and alleged infringement of the Declaratory Judgment Patents, and that this controversy is of sufficient immediacy to warrant the issuance of declaratory judgment.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT OF THE '894 PATENT

49.     Robinhood incorporates and realleges the foregoing paragraphs.

50.     Based on IV's express allegations of infringement and litigation specifically as to the Declaratory Judgment Patents, an actual controversy has arisen and now exists between the parties as to whether Robinhood infringes any claim of the '894 Patent.  This controversy is of sufficient immediacy and reality to warrant declaratory relief.

51.     Robinhood does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly), indirectly (whether contributorily or by inducement)), and/or under the doctrine of equivalents, any of the claims of

the '894 Patent, at least because the accused Open Source Software does not employ, incorporate, practice, or otherwise make use of all the limitations recited in any of the '894 Patent's claims, and the accused method would be performed by third-party Open Source Software.

52.    As one example, Claim 8 requires a "receiving . . . node names corresponding to each of a plurality of resource nodes," but the accused Open Source Software (Apache Kafka) receives a bootstrap server list of addresses that are not "node names," and addresses like these are specifically disclaimed by the '894 Patent.  Thus, Apache Kafka does not meet the limitations of at least Claim 8.

53.    For at least these reasons, Robinhood does not infringe the '894 Patent.

54.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Robinhood requests a declaration by the Court that it does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '894 Patent.

## COUNT II

## DECLARATION REGARDING INVALIDITY OF THE '894 PATENT

55.    Robinhood incorporates and realleges the foregoing paragraphs.

56.    Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate and real controversy between the parties as to the invalidity of the '894 Patent, especially given that the alleged invention is allegedly covered by Open Source Software.

57.    On information and belief, the '894 Patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation, 35 U.S.C. § § 101, 102, 103, and/or 112.

58. As one example, distributed systems predated the '894 Patent including Google File System and Hadoop, and Claim 8 is limited to an abstract idea for a general purpose computer and/or the well-understood, routine or conventional concept of storing information of a "node" in a specific location of a system, determining how to organize or layout information stored in the nodes, generating maps of the layout of the nodes, and communicating with specific nodes based on the layout.  Messaging systems like IBM MQ Series, Java Message Service and other similar services also predated the '894 Patent.

59. Thus, and as set forth above, an actual controversy exists between Robinhood on the one hand and IV on the other hand with respect to alleged invalidity of the '894 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Robinhood can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products and services.

## COUNT III

### DECLARATION REGARDING NON-INFRINGEMENT OF THE '183 PATENT

60. Robinhood incorporates and realleges the foregoing paragraphs.

61. Based on IV's express allegations of infringement and litigation specifically as to the Declaratory Judgment Patents, an actual controversy has arisen and now exists between the parties as to whether Robinhood infringes any claim of the '183 Patent.  This controversy is of sufficient immediacy and reality to warrant declaratory relief.

62. Robinhood does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly), indirectly (whether contributorily or by inducement)), and/or under the doctrine of equivalents, any of the claims of the '183 Patent, at least because the Open Source Software does not employ, incorporate, practice,

11

or otherwise make use of all the limitations recited in any of the '183 Patent's claims, and the accused method would be performed by third-party Open Source Software.

63.     As one example, Claim 1 requires a "digital transmission form" and the accused Open Source Software Apache Airflow "Directed Acyclic Graph" describes the order of tasks for workflow orchestration, and does not correspond to a "digital object to be forwarded from the source node to a destination node" or other requirements for routing tasks as required by Claim 1.

64.     For at least these reasons, Robinhood does not infringe the '183 Patent.

65.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Robinhood requests a declaration by the Court that it does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '183 Patent.

## COUNT IV

## DECLARATION REGARDING INVALIDITY OF THE '183 PATENT

66.     Robinhood incorporates and realleges the foregoing paragraphs.

67.     Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate and real controversy between the parties as to the invalidity of the '183 Patent, especially given that the alleged invention is allegedly covered by Open Source Software.

68.     On information and belief, the '183 Patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation, 35 U.S.C. § § 101, 102, 103, and/or 112.

69.     As one example, workflow scheduling and job orchestration systems predated the '183 Patent such as IBM Websphere, Apache ServiceMix, and Apache Oozie, and Claim 1 is limited to an abstract idea for a general purpose computer and/or the well-understood, routine or

conventional concept of receiving a job submission on a system, determining availability for the job based on a "node" or a location, and dispatching jobs to available nodes.

70.    Thus, and as set forth above, an actual controversy exists between Robinhood on the one hand and IV on the other hand with respect to alleged invalidity of the '183 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Robinhood can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products and services.

## COUNT V

## DECLARATION REGARDING NON-INFRINGEMENT OF THE '081 PATENT

71.    Robinhood incorporates and realleges the foregoing paragraphs.

72.    Based on IV's express allegations of infringement and litigation specifically as to the Declaratory Judgment Patents, an actual controversy has arisen and now exists between the parties as to whether Robinhood infringes any claim of the '081 Patent.  This controversy is of sufficient immediacy and reality to warrant declaratory relief.

73.    Robinhood does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly), indirectly (whether contributorily or by inducement)), and/or under the doctrine of equivalents, any of the claims of the '081 Patent, at least because the Open Source Software does not employ, incorporate, practice, or otherwise make use of all the limitations recited in any of the '081 Patent's claims, and the accused method would be performed by third-party Open Source Software.

74.    As one example, Claim 1 requires a "checkpoint governing execution of the process" for "the plurality of tasks to be executed", and the accused Open Source Software Apache Spark does not have checkpoints that capture the state of a computer at a specific point in time,

but rather Apache Spark can execute a set of tasks in parallel, so there is no checkpoint "governing the execution of the process" described in the '081 Patent.

75. For at least these reasons, Robinhood does not infringe the '081 Patent.

76. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Robinhood requests a declaration by the Court that it does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '081 Patent.

## COUNT VI

## DECLARATION REGARDING INVALIDITY OF THE '081 PATENT

77. Robinhood incorporates and realleges the foregoing paragraphs.

78. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate and real controversy between the parties as to the invalidity of the '081 Patent, especially given that the alleged invention is allegedly covered by Open Source Software.

79. On information and belief, the '081 Patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation, 35 U.S.C. § § 101, 102, 103, and/or 112.

80. As one example, workflow management systems using checkpoints predated the '081 Patent such as Apache Oozie and Hadoop, as well as Google MapReduce, and Claim 1 is limited to an abstract idea for a general purpose computer and/or the well-understood, routine or conventional concept of receiving tasks, dividing execution into stages, scheduling execution of the tasks, and checking on execution of the tasks.

81. Thus, and as set forth above, an actual controversy exists between Robinhood on the one hand and Defendants on the other hand with respect to alleged invalidity of the '081 Patent,

14

and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Robinhood can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products and services.

## COUNT VII

### DECLARATION REGARDING NON-INFRINGEMENT OF THE '844 PATENT

82. Robinhood incorporates and realleges the foregoing paragraphs.

83. Based on IV's express allegations of infringement and litigation specifically as to the Declaratory Judgment Patents, an actual controversy has arisen and now exists between the parties as to whether Robinhood infringes any claim of the '844 Patent. This controversy is of sufficient immediacy and reality to warrant declaratory relief.

84. Robinhood does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly), indirectly (whether contributorily or by inducement)), and/or under the doctrine of equivalents, any of the claims of the '844 Patent, at least because the Open Source Software does not employ, incorporate, practice, or otherwise make use of all the limitations recited in any of the '844 Patent's claims, and the accused method would be performed by third-party Open Source Software.

85. As one example, Claim 7 requires a single "root image" on a first storage unit as well as a "leaf image" on a second storage unit, which is different than Docker's layered architecture, which lacks a single "root image" and does not store separate images in two separate storage locations, but rather uses a single layered architecture.

86. For at least these reasons, Robinhood does not infringe the '844 Patent.

15

87.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Robinhood requests a declaration by the Court that it does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '844 Patent.

## COUNT VIII

## DECLARATION REGARDING INVALIDITY OF THE '844 PATENT

88.    Robinhood incorporates and realleges the foregoing paragraphs.

89.    Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate and real controversy between the parties as to the invalidity of the '844 Patent, especially given that the alleged invention is allegedly covered by Open Source Software.

90.    On information and belief, the '844 Patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation, 35 U.S.C. § § 101, 102, 103, and/or 112.

91.    As one example, systems storing read-only data while maintaining a separate writable software layer predated the '844 Patent such as the Linux Terminal Server Project, Intel boot environments and VMware architecture, and Claim 7 is limited to an abstract idea for a general purpose computer and/or the well-understood, routine or conventional concept of a filesystem where one image in a database remains unchanged, while a second image stores only changes to that first image for storage optimization.

92.    Thus, and as set forth above, an actual controversy exists between Robinhood on the one hand and Defendants on the other hand with respect to alleged invalidity of the '844 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Robinhood can ascertain its rights and

16

duties with regard to designing, developing, manufacturing, marketing, and selling its products and services.

## COUNT IX

## DECLARATION REGARDING NON-INFRINGEMENT OF THE '287 PATENT

93. Robinhood incorporates and realleges the foregoing paragraphs.

94. Based on IV's express allegations of infringement and litigation specifically as to the Declaratory Judgment Patents, an actual controversy has arisen and now exists between the parties as to whether Robinhood infringes any claim of the '287 Patent.  This controversy is of sufficient immediacy and reality to warrant declaratory relief.

95. Robinhood does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly), indirectly (whether contributorily or by inducement)), and/or under the doctrine of equivalents, any of the claims of the '287 Patent, at least because the Open Source Software does not employ, incorporate, practice, or otherwise make use of all the limitations recited in any of the '287 Patent's claims, and the accused method would be performed by third-party Open Source Software.

96. As one example, Claim 28 requires "to request and receive at least one first clarification related to the at least one term," and "to send the at least one first clarification to the search service," and "request and receive" a "second clarification related to the at least one term", but the accused Elasticsearch Open Source Software does not request clarifications, instead it receives queries and returns results.

97. For at least these reasons, Robinhood does not infringe the '287 Patent.

98. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Robinhood requests a declaration by the Court that it does not infringe and has not infringed, under

any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '287 Patent.

## COUNT X

## DECLARATION REGARDING INVALIDITY OF THE '287 PATENT

99.     Robinhood incorporates and realleges the foregoing paragraphs.

100.    Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate and real controversy between the parties as to the invalidity of the '287 Patent, especially given that the alleged invention is allegedly covered by Open Source Software.

101.    On information and belief, the '287 Patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation, 35 U.S.C. § § 101, 102, 103, and/or 112.

102.    As one example, standard search systems predated the '287 Patent that contained refinements seeking clarification such as Apache Solr, Endeca, and search engines like Bing, and Claim 28 is limited to an abstract idea for a general purpose computer and/or the well-understood, routine or conventional concept of refining an Internet search through clarification, much like looking in a library for a certain book.

103.    Thus, and as set forth above, an actual controversy exists between Robinhood on the one hand and Defendants on the other hand with respect to alleged invalidity of the '287 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Robinhood can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products and services.

## COUNT XI

## DECLARATION REGARDING NON-INFRINGEMENT OF THE '584 PATENT

104.    Robinhood incorporates and realleges the foregoing paragraphs.

105.    Based on IV's express allegations of infringement and litigation specifically as to the Declaratory Judgment Patents, an actual controversy has arisen and now exists between the parties as to whether Robinhood infringes any claim of the '584 Patent.  This controversy is of sufficient immediacy and reality to warrant declaratory relief.

106.    Robinhood does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly), indirectly (whether contributorily or by inducement)), and/or under the doctrine of equivalents, any of the claims of the '584 Patent, at least because the Open Source Software does not employ, incorporate, practice, or otherwise make use of all the limitations recited in any of the '584 Patent's claims, and the accused method would be performed by third-party Open Source Software.

107.    As one example, Claim 1 requires "a private communication network" but the accused Open Source Software Kubernetes uses a multi-cluster network that communicates over the Internet, which is unlike the "private communication network" described in Claim 1.

108.    For at least these reasons, Robinhood does not infringe the '584 Patent.

109.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Robinhood requests a declaration by the Court that it does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '584 Patent.

## COUNT XII

## DECLARATION REGARDING INVALIDITY OF THE '584 PATENT

110.    Robinhood incorporates and realleges the foregoing paragraphs.

111.    Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate and real controversy between the parties as to the invalidity of the '584 Patent, especially given that the alleged invention is allegedly covered by Open Source Software.

112.    On information and belief, the '584 Patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation, 35 U.S.C. § § 101, 102, 103, and/or 112.

113.    As one example, multi-cluster computing systems with private networks predated the '584 Patent such as Amazon EC2 and Virtual Private Cloud, Google App Engine and Google Borg system, and Claim 1 is limited to an abstract idea for a general purpose computer and/or the well-understood, routine or conventional concept of connecting multiple computing clusters through a private network, which was known since the start of network computing.

114.    Thus, and as set forth above, an actual controversy exists between Robinhood on the one hand and Defendants on the other hand with respect to alleged invalidity of the '584 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Robinhood can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products and services.

## JURY DEMAND

115.    Robinhood hereby demands a trial by jury on all issues.

20

## **PRAYER FOR RELIEF**

WHEREFORE, Robinhood asks this Court to enter judgment in Robinhood's favor and against IV by granting the following relief:

a)    a declaration that Robinhood does not infringe, and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any enforceable claim of the Declaratory Judgment Patents;

b)    judgment in Robinhood's favor and against IV on Robinhood's claims;

c)    a permanent injunction restraining IV, and its respective officers, agents, servants, employees, attorneys, and any other persons acting on their behalf or in concert with them, from asserting the Declaratory Judgment Patents against Robinhood under any subsection of 35 U.S.C. § 271;

d)    a finding based upon 35 U.S.C. § 285 that IV's continued attempts to threaten Robinhood and to enforce the Declaratory Judgment Patents, despite lacking any meritorious claims thereunder, renders this case exceptional;

e)    an award to Robinhood of its reasonable attorneys' fees, costs, and all interest under 35 U.S.C. § 285 as an exceptional case or on any other applicable basis; and

f)    any such other and further relief as the Court finds just and proper.

21

Dated: June 30, 2026                      Respectfully submitted,

                                          /s/ Monté T. Squire
                                          Monté T. Squire (No. 4764)
                                          D. Stuart Bartow (No. 7160)
                                          **DUANE MORRIS LLP**
                                          1201 N. Market Street, Suite 501
                                          Wilmington, DE  19801
                                          Telephone: (302) 657-4900
                                          mtsquire@duanemorris.com
                                          dsbartow@duanemorris.com

                                          **OF COUNSEL:**

                                          Jeremy T. Elman (*pro hac vice* forthcoming)
                                          **DUANE MORRIS LLP**
                                          260 Homer Avenue, Suite 202
                                          Palo Alto, CA 94301
                                          Telephone: (650) 847-4150
                                          jelman@duanemorris.com

                                          *Counsel for Robinhood Markets, Inc.*

22